IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**CHAD LARKIN and GENNY LARKIN,**

    **Plaintiffs,**

v.

Case No. 2:18-cv-02636-TLP-dkv

**JONATHAN DAY a/k/a JJ DaBoss, PLIGRIM FILMS & TELEVISION, LLC d/b/a PILGRIM MEDIA GROUP AND OPERATIONS and DISCOVERY, INC.,**

    **Defendants.**

## DEFENDANT JONATHAN DAY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Jonathan Day a/k/a JJ Da Boss ("Day"), by and through his counsel of record, Ballin, Ballin Fishman, P.C., in Answer to the Amended Complaint filed by Plaintiffs, hereby states as follows:

1. Admitted.

### PARTIES

2. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint, and on that basis, denies each and every allegation.

3. Admitted.

4. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Amended Complaint, and on that basis, denies each and every allegation.

5. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint, and on that basis, denies each and every allegation.

6. Admitted that Day was under contract with Defendant Pilgrim in connection with his performance on Memphis Street Outlaws at the time of the events alleged in the Amended Complaint. All other allegations contained in paragraph 6 of the Amended Complaint are denied.

**Jurisdiction and Venue**

7. Admitted that an incident occurred on or about September 23, 2017 in Shelby County, Tennessee. Defendant denies that venue is appropriate in this Court.

8. Denied.

**FACTS**

9. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in the first sentence of paragraph 9 of the Amended Complaint, and on that basis, denies each and every allegation. Defendant denies the remaining allegations contained in paragraph 9 of the Amended Complaint.

10. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Amended Complaint, and on that basis, denies each and every allegation.

11. Admitted that Defendant Day appears in the television show "Street Outlaws: Memphis." Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Amended Complaint, and on that basis, denies each and every allegation.

12. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations in Paragraph 12 of the Amended Complaint.

13. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations in Paragraph 13 of the Amended Complaint.

14. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint, and on that basis, denies each and every allegation.

15. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint, and on that basis, denies each and every allegation.

16. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations in Paragraph 16 of the Amended Complaint.

17. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint, and on that basis, denies each and every allegation.

18. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Amended Complaint, and on that basis, denies each and every allegation.

19. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Amended Complaint, and on that basis, denies each and every allegation.

20. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Amended Complaint, and on that basis, denies each and every allegation.

21. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint, and on that basis, denies each and every allegation.

22. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint, and on that basis, denies each and every allegation.

23. Denied.

24. Denied.

25. Denied.

26. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint, and on that basis, denies each and every allegation.

27. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Amended Complaint, and on that basis, denies each and every allegation.

28. Denied.

29. Denied.

30. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations in Paragraph 30 of the Amended Complaint.

31. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations in Paragraph 31 of the Amended Complaint.

32. Denied.

33. Denied.

34. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Amended Complaint, and on that basis, denies each and every allegation.

35. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Amended Complaint, and on that basis, denies each and every allegation.

36. Denied.

37. Denied.

38. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Amended Complaint, and on that basis, denies each and every allegation.

39. Denied.

40. Denied.

41. Denied.

42. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Amended Complaint, and on that basis, denies each and every allegation.

43. Denied.

44. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Amended Complaint, and on that basis, denies each and every allegation.

45. Denied.

46. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Amended Complaint, and on that basis, denies each and every allegation.

47. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Amended Complaint, and on that basis, denies each and every allegation.

48. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Amended Complaint, and on that basis, denies each and every allegation.

49. Denied.

50. Denied.

51. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Amended Complaint, and on that basis, denies each and every allegation.

52. Denied.

53. Denied.

**Claims - Assault and Battery against Chad Larkin and Genny Larkin**

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations in Paragraph 58 of the Amended Complaint.

59. Denied.

### Vicarious Liability of Defendant Pilgrim and Defendant Discovery

60. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations in Paragraph 60 of the Amended Complaint.

61. Defendant is not required to answer legal conclusions and argument, and on that basis, denies the allegations in Paragraph 60 of the Amended Complaint.

**Outrageous Conduct/Intentional and/or Reckless Infliction for Emotional Distress by Day**

62. Denied.

63. Denied.

64. Denied.

65. Denied.

**Outrageous Conduct/Intentional and/or Reckless Infliction for Emotional Distress by Pilgrim and Discovery**

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

### Punitive Damages – Day

72. Denied.

73. Denied.

74. Denied.

### Punitive Damages – Pilgrim

75. Denied.

76. Denied.

77. Denied.

78. Denied.

### Punitive Damages – Discovery

79. Denied.

80. Denied.

81. Denied.

82. Denied.

### Civil Conspiracy to Commit Battery Against Plaintiffs

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

**In the Alternative, Negligence under Tennessee Common Law**

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

**Damages**

99. Denied.

100. Denied, including each and every allegation contained in subparts (a) through (g).

101. Denied.

102. Denied.

103. Denied.

The remainder of the Amended Complaint contains a prayer for relief that requires neither admission nor denial. To the extent the prayer for relief is construed to allege some wrongful or discriminatory or retaliatory action, said action is denied. Defendant further states that Plaintiffs are not entitled to any of the relief requested herein. Any allegation not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Amended Complaint, Defendant asserts the following:

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint, and each and every claim therein, fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because of their failure to name an indispensable party or parties.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by any or all affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred cannot be determined until Defendant has had had an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff Chad Larkin has agreed to arbitrate any or all of the purported claims asserted in the Complaint, as per this Court's ruling of May 15, 2019 (ECF # 58). The Complaint violates the

Agreement to Arbitrate and the Complaint should be dismissed and/or stayed and Plaintiff Chad Larkin must proceed with arbitration of his claims.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff Chad Larkin entered into a binding Release Agreement and under that Agreement, Defendants are entitled to recover all costs, expenses, fees, including attorneys' fees, associated with this civil action.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that if the Plaintiffs suffered any injuries or incurred any damages as a result of the incident alleged in the Amended Complaint, such injuries or damages were directly and proximately caused by the Plaintiffs' own careless, negligent, reckless and/or unlawful conduct at the time and place alleged.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendant asserts as an affirmative defense of the doctrine of comparative fault that bars recovery, or, in the alternative, reduces Plaintiffs' right of recovery.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate damages, and said failure on part of the Plaintiffs is pled in bar or mitigation of any recovery herein.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of accord and satisfaction, assumption of risk, estoppel, and release.

## RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to amend this Answer and to add any additional defenses or counterclaims which may become known during the course of the litigation.

## JURY DEMAND

Defendant demands a trial by jury.

WHEREFORE, Defendant prays that this Court enter judgment as follows:

1. That the Amended Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant Day;

2. That Plaintiffs take nothing by way of this Amended Complaint;

3. That Defendant Day be awarded its costs of suit incurred in defense of this action, including reasonable attorney's fees;

4. For such other and further relief as this Court may deem just and proper.

June 27, 2019

Respectfully submitted,

*/s/ Randall J. Fishman*
Randall J. Fishman (TN # 7097)
Yosef Horowitz (TN #36353)
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103
Telephone: (901) 525-6278
Fax: (901) 525-6294
rfishman@bbfpc.com
jhorowitz@bbfpc.com
*Attorneys for Defendant Jonathan Day*

**CERTIFICATE OF SERVICE**

I hereby certify that the Answer to Amended Complaint has been served upon all counsel of record by electronic notification through the Court's ECF filing system to:

Howard Brett Manis, Esq.
The Cochran Firm
Attorneys for Plaintiffs
One Commerce Square, Ste. 1700
Memphis, TN 38103
hmanis@cochranfirmmidsouth.com

David Jonathan Weissman, Esq.
Raybin & Weissman, P.C.
Attorneys for Plaintiffs
424 Church Street, Ste. 2120
Nashville, TN 37219
dweissman@nashvilletnlaw.com

Ronna D. Kinsella, Esq.
Glassman, Wyatt, Tuttle & Cox, P.C.
Attorneys for Defendants Pilgrim Media Group and Discovery, Inc.
26 N. Second Street
Memphis, TN 38103
rkinsella@gwtclaw.com

On this the 27th of June, 2019.

*/s/ Randall J. Fishman*
   Randall J. Fishman